BAYATI v BAYATI

Docket No. 254762. Submitted November 2, 2004, at Detroit. Decided December 14, 2004, at 9:00 a.m.

Reza Bayati sought a divorce from Bahareh Bayati in the Oakland Circuit Court. The court, Daniel Patrick O'Brien, J., entered a consent order for binding arbitration. The arbitration award granted the parties joint legal custody of the children, but gave the defendant sole physical custody and allowed her to remove the children to another state. The plaintiff moved to vacate the arbitration award, which the court denied. The court entered a divorce judgment, which included the award of sole physical custody of the children to the defendant and allowed her to remove them to another state. The plaintiff appealed.

The Court of Appeals *held*:

1. The trial court erred in entering the divorce judgment without independently deciding the best interests of the children. The custody order must be vacated and the case remanded to the trial court for a hearing de novo on the best interests of the children.

2. The arbitrator did not exceed his powers. The arbitration agreement provided that the parties could raise any proper issue for consideration by the arbitrator, which included the issue of the defendant's change in domicile. The record further reflected that the plaintiff agreed to arbitrate that issue.

3. The trial court did not err in denying the plaintiff's motion to vacate the arbitration award pursuant to MCL 600.5081(2)(b). While the arbitrator's statement contains a negative mention of a traditional aspect of a culture or ethnicity, a thorough reading of the statement does not give an impression of true bias against the plaintiff or reveal a stereotypical meaning. There was no concrete indication of bias or partiality by the arbitrator.

4. Although the plaintiff should have received an automatic stay following entry of the order that allowed the defendant to remove the children from this state, the issue is moot.

5. Remand to a different trial judge is not required because the plaintiff did not demonstrate that the trial judge expressed any

bias or would be unable to put his previous rulings out of mind and rule fairly on remand.

Custody order in the divorce judgment vacated and case remanded.

ARBITRATION — DOMESTIC RELATIONS — ARBITRATOR BIAS.

The partiality or bias that allows an appellate court to overturn an arbitration award in a divorce case must be certain and direct, not remote, uncertain, or speculative; there must be a concrete indication of partiality or bias (MCL 600.5081[2][b]).

*Judith A. Curtis* for the plaintiff.

*Mark Granzotto* and *Ronald M. Bookholder* for the defendant.

Before: CAVANAGH, P.J., and KELLY and H. HOOD*, JJ.

PER CURIAM. Plaintiff appeals by right the judgment of divorce. We vacate the custody award in the divorce judgment and remand.

### I. FACTS

The parties in this case had an arranged marriage in Iran, and defendant gave birth to twin boys. The parties separated, and plaintiff filed for divorce. After the trial court issued several temporary orders regarding custody, it entered a consent order for binding arbitration. The arbitrator's award granted the parties joint legal custody of the children, but gave defendant sole physical custody. The award further approved defendant's change of domicile and ruled that defendant could remove the children to California, where she intended to live with her aunt and uncle. Plaintiff moved to vacate the arbitration award, and the trial court denied his motion. After two amendments of the arbitration

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

order, the trial court issued the final judgment of divorce, awarding defendant sole physical custody and allowing her to remove the children to California.

### II. REVIEW OF THE BEST INTERESTS OF THE CHILDREN FACTORS

Initially, plaintiff contends that the trial court erred in failing to independently consider the best interests of the children in this custody matter inasmuch as the trial court merely entered as its judgment the decision of the arbitrator without any independent consideration. Defendant concedes that this was error and acknowledges that a remand to the trial court is necessary.

The language of MCL 600.5080 clearly mandates that the trial court conduct a review of the arbitrator's custody decision under the same framework provided in other statutes such as the Child Custody Act, MCL 722.21 *et seq. Harvey v Harvey*, 470 Mich 186, 191-193; 680 NW2d 835 (2004). Indeed, the Michigan Supreme Court has specifically stated that no matter what type of alternative dispute resolution is used by the parties, the Child Custody Act requires the trial court to independently determine what custodial placement is in the best interests of the children. *Id.* at 187. Because the trial court was required to review the best-interests factors regarding custody and erred in entering judgment before independently deciding the best interests of the children, we must vacate the custody order and remand to the trial court for a hearing de novo on the best interests of the children. *Id.* at 191-192.

### III. PLAINTIFF'S MOTION TO VACATE THE ARBITRATION AWARD

Next, plaintiff argues that the trial court erred in declining to vacate the arbitration award. We review de

novo a trial court's decision on a motion to enforce, vacate, or modify an arbitration award. *Tokar v Albery*, 258 Mich App 350, 352; 671 NW2d 139 (2003).

### A. ARBITRATOR'S AUTHORITY TO DECIDE CHANGE IN DOMICILE

Plaintiff first argues that the trial court should have vacated the award pursuant to MCL 600.5081(2)(c) (arbitrator exceeded his powers). Plaintiff claims that the arbitration agreement did not authorize the arbitrator to decide the change-in-domicile issue. The consent order for binding arbitration provided:

> IT IS FURTHER ORDERED that the following issues shall be submitted to binding arbitration in lieu of trial by Court:
>
> (A) Child custody and parenting time;
>
> (B) Child support;
>
> (C) Division of property, including tangible and intangible assets, and ancillary issues related thereto;
>
> (D) Spousal support;
>
> (E) Attorney fees, Arbitrator fees, and costs;
>
> (F) Consideration of each party's compliance with all Interim Orders;
>
> (G) Any other issues properly raised by the parties which would otherwise be within the jurisdiction of the circuit court;
>
> (H) Pre-trial motions, i.e., discovery, temporary orders, etc.

Defendant argues that the issue of change of domicile was covered under the catchall language of item G, and plaintiff argues that he never agreed to arbitrate the issue.

Arbitration is generally recognized as a matter of contract. *Rowry v Univ of Michigan*, 441 Mich 1, 10; 490

NW2d 305 (1992). Arbitration agreements are generally interpreted in the same manner as ordinary contracts. *Amtower v William C Roney & Co (On Remand)*, 232 Mich App 226, 234; 590 NW2d 580 (1998). They must be enforced according to their terms to effectuate the intentions of the parties. *Id.*

Plaintiff contends that change of domicile is too important of an issue to fall within the catchall provision, but the consent order does not contain any restriction stating that the catchall language of item G only applies to minor issues. The consent order clearly states that the parties can raise any other issue. It does not state that the parties are limited to raising other minor issues. Because we must enforce the actual terms of the agreement as written, plaintiff's argument is without merit. *Id.*

### B. AGREEMENT TO ARBITRATE CHANGE IN DOMICILE

Plaintiff also contends that he did not agree to arbitrate the issue and that the language of item G requires both parties to agree to arbitrate an issue. However, the record does not support plaintiff's contention. No written agreement exists regarding arbitrating this issue, but plaintiff admits that the parties discussed it with the arbitrator before arbitration and that defendant sent him a letter stating that the issue was going to be arbitrated. There is no indication that plaintiff responded to this letter with any objection to arbitrating this issue, and the record contains no evidence that plaintiff raised such an objection before the arbitrator. Moreover, it is clear that plaintiff testified regarding change of domicile before the arbitrator. He presented his own argument, specifically discussing the lack of contact that defendant's uncle had with the children and the presence of plaintiff's own family members in

Michigan. Plaintiff did not raise any objection to arbitration until long after the arbitrator issued his opinion supporting the change of domicile. Given the lack of objection on the record and plaintiff's testimony before the arbitrator, we conclude that plaintiff agreed to arbitrate the issue.

### C. ARBITRATOR BIAS

Plaintiff next argues that the trial court erred in denying his motion to vacate the arbitration award pursuant to MCL 600.5081(2)(b). He claims that the arbitrator demonstrated bias against Middle Eastern men and bias against him personally by allowing defendant to file a late motion to amend the arbitration award. The specific language that plaintiff refers to is contained in the arbitration award's discussion of the best-interests factor found in MCL 722.23(j), the willingness of the parties to foster a relationship between the children and the other parent. The arbitrator stated:

> With regard to plaintiff, the arbitrator is convinced that he will take no positive action to create or maintain a good relationship between the minor children and defendant. His testimony reflects antagonism, an aura of male dominance as is historic in European or Middle Eastern cultures, and plaintiff's general laizze-faire [sic] attitude toward his obligations, in general, and to defendant in particular.

Any negative mention of a traditional aspect of a culture or ethnicity raises a flag of concern with us. A closer review of the statement, however, demonstrates that there is no stereotypical meaning. The arbitrator seems to be stating that plaintiff, as a particular person, was antagonistic towards defendant and apparently women in general. He appears to be stating that plain-

tiff demonstrated a belief in male dominance that is consistent with the historic prevalence of patriarchal social structures. Although the choice of wording is questionable, the comment does not give us the impression of true bias. While we must be cognizant of ethnic stereotyping, we cannot let our caution blind us to actual historic tradition. After a thorough reading of the quote, we conclude that plaintiff's claim is without merit.

This Court has not extensively dealt with MCL 600.5081(2)(b), but it is nearly identical to the language of MCR 3.602(J)(1)(b), which deals with vacating arbitration awards in general.[1] This Court has stated that the partiality or bias that would allow us to overturn an arbitration award "must be certain and direct, not remote, uncertain or speculative." *Belen v Allstate Ins Co*, 173 Mich App 641, 645; 434 NW2d 203 (1988). Given that MCL 600.5081(2)(b) uses the same language as MCR 3.602(J)(1)(b), we apply the same standard, and it is clear that the trial court did not err in refusing to vacate the award. At most, the comment leaves one with a vague impression of possible bias or prejudice. There is no concrete indication of bias, and any attempt to demonstrate bias would be mere speculation. Because this is insufficient to allow a court to vacate an arbitration award, we conclude that the trial court did not err in denying plaintiff's motion. *Belen, supra.*

Plaintiff also challenges the fact that the arbitrator accepted from defendant a late motion to amend the

---

[1] MCL 600.5081(2)(b) provides that, if a party applies under that section, the court shall vacate an award if there "was evident partiality by an arbitrator appointed as a neutral, corruption of an arbitrator, or misconduct prejudicing a party's rights." MCR 3.602(J)(1)(b) similarly provides that, on application of a party, the court shall vacate an award if "there was evident partiality by an arbitrator appointed as a neutral, corruption of an arbitrator, or misconduct prejudicing a party's rights[.]"

arbitration award. This fact does not demonstrate the certain and direct partiality needed to overturn the award, and there is no indication that the arbitrator failed to accept a similarly situated motion from plaintiff. This is not a situation in which both parties attempted to file a late motion and the arbitrator accepted only defendant's motion. Therefore, the fact that the arbitrator accepted a slightly late filing does not indicate partiality, and it certainly does not indicate the concrete partiality necessary to vacate the arbitration award. *Id.* at 645. Therefore, the trial court did not err in denying plaintiff's motion to vacate the award.

### IV. AUTOMATIC STAY

Next, plaintiff contends that the trial court erred in entering an order allowing defendant to remove the children from the state before entering the final judgment of divorce. Plaintiff asserts that he should have received an automatic stay following entry of the order allowing defendant to remove the children from the state. Although we agree with plaintiff's argument, this issue is moot because we are vacating the custody award in the judgment of divorce and remanding. Furthermore, this issue is moot because of the substantial amount of time that has passed beyond the twenty-one days of the potential stay. *Loyd v Loyd*, 182 Mich App 769, 783; 452 NW2d 910 (1990).

### V. REMAND BEFORE DIFFERENT JUDGE

Finally, plaintiff requests that we remand to a different trial judge. The general concern when deciding whether to remand to a different trial judge is whether the appearance of justice will be better served if another judge presides over the case. *Sparks v Sparks*, 440 Mich 141, 163; 485 NW2d 893 (1992). We may remand to a

different judge if the original judge would have difficulty in putting aside previously expressed views or findings, if reassignment is advisable to preserve the appearance of justice, and if reassignment will not entail excessive waste or duplication. *Feaheny v Caldwell*, 175 Mich App 291, 309-310; 437 NW2d 358 (1989).

Much of plaintiff's argument concerns the fact that the trial court allowed defendant to remove the children from the state. Plaintiff argues that the court demonstrated bias in making this ruling and in not granting him an automatic stay following the ruling. However, we will not remand to a different judge merely because the judge came to the wrong legal conclusion. Repeated rulings against a party, no matter how erroneous, or vigorously or consistently expressed, are not disqualifying. *Wayne Co Prosecutor v Parole Bd*, 210 Mich App 148, 155; 532 NW2d 899 (1995). Rather, plaintiff must demonstrate that the judge would be unable to rule fairly on remand given his past comments or expressed views. Nothing in the record supports a finding that the trial judge could not put his previous rulings out of his mind. Moreover, the trial judge did not make any comments on the record indicating any expressed bias. Therefore, plaintiff has not met the standard required to remand to a different judge. *Feaheny, supra*.

Custody order vacated and case remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.