# STATE OF MICHIGAN

# COURT OF APPEALS

DEBRA A. MANTEY,

      Plaintiff-Appellant,

v

DONALD E. MANTEY,

      Defendant-Appellee.

UNPUBLISHED
July 21, 2015

No. 319673
Saginaw Circuit Court
Family Division
LC No. 08-003051-DO

Before: BORRELLO, P.J., and RONAYNE KRAUSE and RIORDAN, JJ.

PER CURIAM.

Plaintiff, Debra A. Mantey, appeals as of right the amended judgment of divorce regarding the dissolution of her marriage with defendant, Donald E. Mantey. We reverse and remand for proceedings consistent with this opinion.

## I. FACTUAL BACKGROUND

This is the second appeal in this case and involves the dissolution of the parties' marriage. They married in 1976 and plaintiff filed for divorce in 2008.[1] At the time of the marriage, plaintiff had a high school diploma and defendant had a bachelor's degree in mechanical engineering. Defendant operated two farming business during the marriage, namely, Mantey Brothers and Ed Mantey & Sons. His taxable income in 2009 was $203,437. Plaintiff, on the other hand, worked only part-time during the marriage and never earned more than $12,000 a year. At the time plaintiff filed for divorce, she was 54 years old and defendant was 59 years old.

In the previous appeal, plaintiff asserted error in the trial court's property distribution and denial of spousal support. A panel of this Court concluded that several of the trial court's findings of fact were clearly erroneous or insufficient for appellate review. *Mantey v Mantey*, unpublished opinion per curiam of the Court of Appeals, issued January 15, 2013 (Docket No. 309042), pp 4-5. The panel instructed that a remand was necessary to resolve issues regarding

---

[1] The parties' children were no longer minors at the time plaintiff filed for divorce.

the value Mantey Hills property and the related legal questions of whether plaintiff's interest was in the Mantey Hills partnership or in the partnership's property. *Id.* at 4-5. It also ordered the trial court to make specific findings regarding the spousal support factors, and for the trial court to determine the issue of any spousal support arrearage. *Id.* at 7.

On remand, the trial court made additional findings, and ultimately denied plaintiff's request for spousal support. However, the trial court failed to value certain assets as it was directed to do on remand. Plaintiff again appeals.

## II. SPOUSAL SUPPORT

### A. STANDARD OF REVIEW

In reviewing the trial court's decision, we apply the following standards of review:

> It is within the trial court's discretion to award spousal support, and we review a spousal support award for an abuse of discretion. We also review for an abuse of discretion a trial court's decision whether to impute income to a party. An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes. The object in awarding spousal support is to balance the incomes and needs of the parties so that neither will be impoverished; spousal support is to be based on what is just and reasonable under the circumstances of the case. We review for clear error the trial court's factual findings regarding spousal support. A finding is clearly erroneous if, after reviewing the entire record, we are left with the definite and firm conviction that a mistake was made. If the trial court's findings are not clearly erroneous, we must determine whether the dispositional ruling was fair and equitable under the circumstances of the case. We must affirm the trial court's dispositional ruling unless we are convinced that it was inequitable. [*Loutts v Loutts*, 298 Mich App 21, 25-26; 826 NW2d 152 (2012) (quotation marks and citation omitted).]

Moreover, "[w]hether a trial court followed an appellate court's ruling on remand is a question of law that this Court reviews de novo." *Schumacher v Dep't of Natural Resources*, 275 Mich App 121, 127; 737 NW2d 782 (2007).

### B. ANALYSIS

The objective in awarding spousal support is to balance the income and needs of the parties, so that neither will be impoverished. *Loutts*, 298 Mich App at 26 (quotation marks and citation omitted). The trial court should award spousal support based on what is just and reasonable under the circumstances of the case. *Berger v Berger*, 277 Mich App 700, 726; 747 NW2d 336 (2008). Among the factors the trial court should consider are:

> (1) the past relations and conduct of the parties, (2) the length of the marriage, (3) the abilities of the parties to work, (4) the source and amount of property awarded to the parties, (5) the parties' ages, (6) the abilities of the parties to pay alimony, (7) the present situation of the parties, (8) the needs of the parties,

-2-

(9) the parties' health, (10) the prior standard of living of the parties and whether either is responsible for the support of others, (11) contributions of the parties to the joint estate, (12) a party's fault in causing the divorce, (13) the effect of cohabitation on a party's financial status, and (14) general principles of equity [*Id.* at 726-727.]

"The trial court should make specific factual findings regarding the factors that are relevant to the particular case." *Myland v Myland*, 290 Mich App 691, 695; 804 NW2d 124 (2010) (quotation marks and citation omitted).

Plaintiff first challenges the trial court's finding regarding the length of the marriage. She concedes that calling it a "long term marriage" is not clearly erroneous, but contends that this finding was not definite enough. MCR 2.517(A)(2) provides that "[b]rief definite, and pertinent findings and conclusions on the contested matters are sufficient, without overelaboration of detail or particularization of facts." In this case, the parties married in 1976 and plaintiff filed for divorce in 2008. On remand, the trial court found that the parties had a "long term marriage." This finding satisfies the requirements of MCR 2.517(A)(2) and is not clearly erroneous.

Next, plaintiff challenges the trial court's finding that defendant had "some ability" to pay spousal support. Plaintiff contends that the trial court severely understated plaintiff's needs and defendant's ability to pay. Again, while the trial court's finding may not have been the most specific, it was sufficient. Defendant had the ability to pay, which the court found. In the 2010 tax year, plaintiff's wages were $13,357, whereas defendant reported a taxable income of $203,437 in 2009. *Mantey*, unpub op at 1. Although the trial court used the modifier "some" when characterizing defendant's ability to pay, that merely indicates an unspecified amount, not necessarily a minimization.[2] The court's finding is definite enough within the meaning of MCR 2.517(A)(2) and not clearly erroneous. The court also addressed the parties' needs, finding that "[t]he division of the marital estate will provide for the needs of both parties."

Plaintiff also challenges the trial court's finding that "[t]he fact that Plaintiff will receive $618,990.00 as her share of the marital estate (The original $536,490.00 plus $82,500.00 from the Court's redetermination of her share of the value of the real estate), in addition to health insurance for 3 years, gives the Plaintiff ample resources."[3] Plaintiff contends that the trial court ignored the fact that she had no housing, limited health insurance with a high deductible and co-pay, no income-producing assets, no retirement accounts, no viable employment prospects, and that she had to spend part of her award on attorney fees.

---

[2] "Some" is defined as "being an undetermined or unspecified one;" "unspecified but considerable in number, amount, degree etc.;" "an unspecified number, amount, etc., as distinguished from the rest or in addition;" "to some degree or extent." *Random House Webster's College Dictionary* (2005).

[3] Plaintiff asserts that the trial court used the wrong numbers; however, that issue is moot because the mathematical error was corrected in the judgment of divorce.

However, it is not clear that the court ignored these factors. The court's findings do not indicate the extent of the considerations examined in reaching its finding. Even assuming that the court did not consider all of these factors, the award of over a half a million dollars in liquid assets and three years of health insurance certainly constitutes "ample" resources. The court's finding is not clearly erroneous.

Plaintiff, however, also takes issue with the trial court's finding regarding the parties' contributions to the joint estate. The court found that the "vast majority of the marital estate was the result of the Defendant's efforts or inheritance" and "contributions." We again find no clear error. During the marriage, defendant operated two farming businesses: Mantey Brothers and Ed Mantey & Sons. *Mantey*, unpub op at 1. The parties' health insurance was provided through Ed Mantey & Sons and the parties had a health savings account in conjunction with their insurance plan. *Id*. Defendant's base salary in 2009 was $60,000 and he had a taxable income of $203,437. *Id*. He also owned farm parcels that were leased to Ed Mantey & Sons. *Id.* at 2. Defendant received a 1989 gift of 240 acres that he and his siblings deeded to the Mantey Hills partnership in 1996. *Id*. As for plaintiff, she testified that she mostly worked part-time and in the 2010 tax year, her wages were $13,357. *Mantey*, unpub op at 1.

Thus, defendant earned the majority of the parties' marital income and accumulated significant assets by virtue of gifts from his family. Although plaintiff contends that the trial court failed to recognize her contributions to the marital estate, we disagree. First, the trial court merely found that the *vast majority* of the contributions came from defendant. This finding implied that plaintiff at least contributed somewhat to the marital estate. Plaintiff obliquely references the fact that she took the primary role in raising the children and caring for the home. See *Hanaway v Hanaway*, 208 Mich App 278, 294; 527 NW2d 792 (1995). Yet, plaintiff highlights no evidence to support that assertion. " 'Facts stated must be supported by specific page references to the transcript, the pleadings, or other document or paper filed with the trial court.' MCR 7.212(C)(7). We will not search the record for factual support for plaintiffs' claims." *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 388; 689 NW2d 145 (2004).

Moreover, very little evidence was submitted regarding plaintiff's precise role in contributing to the marital estate or in raising the children, most likely because custody was not at issue. Although plaintiff testified that she did not work when the children were younger, she provided no details regarding the parties' roles and responsibilities in childcare or household services. In fact, rather than a stay-at-home mother, plaintiff asserted that she worked almost the entire time throughout the marriage, although it was primarily part-time and her financial contributions were relatively minor. Defendant testified that plaintiff "helped" to raise the children and that they both performed household activities such as cooking.[4] In light of plaintiff's failure to highlight any evidence to the contrary, we find no clear error in the trial court's finding.

---

[4] To the extent that plaintiff may have introduced evidence to the contrary, she has not identified it on appeal. *Derderian*, 263 Mich App at 388.

Plaintiff, however, concludes that in light of the spousal support factors, the trial court's ultimate decision to deny spousal support was an abuse of discretion. We review a trial court's spousal support award for an abuse of discretion. *Loutts*, 298 Mich App at 25. Even if we find no clear error in the trial court's factual findings, we still "must determine whether the dispositional ruling was fair and equitable under the circumstances of the case." *Id.* at 26.

Here, both parties received substantial assets, with plaintiff receiving over $600,000 in liquid assets and defendant receiving the marital home, two businesses, farm parcels, and his interest in the Mantey Hills partnership. On appeal, defendant contends that in light of the significant debt he accrued in order to pay for plaintiff's cash award, the trial court's decision to deny spousal support was correct. Plaintiff rejoins that defendant received the income-producing assets, whereas she received only a fixed amount. See *Hanaway*, 208 Mich App at 296 (in evaluating the equity of awarding spousal support, the trial court should be mindful that "where both parties are awarded substantial assets, the court . . . should focus on the *income-earning potential of the assets*" rather than myopically focus on "the value of the assets themselves.").

However, an impediment to our resolution of this issue is that the trial court failed to value all of the property, in direct violation of our previous opinion. In the first appeal, a panel of this Court directed as follows:

> Donald Mantey argued that he successfully conveyed the interest, and that because the Mantey Hills partnership held the property with rights of survivorship, Debra Mantey only had a remote interest in the property. In contrast, Debra Mantey argued that because Donald Mantey's attempt to convey his interest in the property to the Mantey Hills partnership in 1996 did not have her signature, the conveyance was invalid under the Michigan statute of frauds because she had an interest in the property. She also argued that, in the alternative, the Mantey Hills partnership itself had value.

> If the trial court's finding was meant to reject Debra Mantey's argument that the conveyance was void because her dower interest in the property was speculative and contingent, then the trial court erred. Though a dower interest is a contingent interest that vests on the death of the husband, the law also protects the interest before it vests. "[T]he statue of frauds requires both the seller and his wife with a dower interest to sign a purchase agreement in order to create a valid contract for the sale of land." Without further analysis, we are not definitely and firmly convinced that Debra Mantey's dower interest in the property was too speculative and contingent to potentially void the transfer under the statute of frauds.

> If the trial court's finding was meant to accept Donald Mantey's argument that Debra Mantey's eventual interest in the partnership itself was speculative and contingent, we again conclude that the trial court erred. We reiterate that the trial court found that although some of the parties' property was gifted, it was all marital property. The partnership agreement also provides that partnership interests themselves are valued at $160,000, which mathematically breaks down to a value of $40,000 for each partner. Thus, if Donald Mantey's transfer of

-5-

property was valid, it appears that Debra Mantey has some interest in the partnership itself. The trial court should have determined a value for this disputed property. Thus, we conclude that the trial court made a mistake.

We reiterate that the trial court must make findings of fact "essential to a proper resolution of the legal questions" so that this Court can determine if the judgment was legally correct and equitable. We conclude that this portion of the trial court's order requires clarification so that we can engage in meaningful appellate review. [*Mantey*, unpub at 4-5 (citations omitted).]

We expressly commanded the trial court to "make a finding of fact on the value of the Mantey Hills partnership, and resolve the related legal questions about whether Debra Mantey's interest is in the Mantey Hills partnership itself or the partnership's property." *Id*. at 6.

Rather than adhere to our ruling, the trial court declined to value Mantey Hills and merely found that the value of the Mantey Hills *property* did not matter because the property was gifted and plaintiff only made a *de minimus* contribution to the maintenance of the property during the marriage. Because the trial court failed to comply with this Court's opinion, we again must remand. As the trial court failed to value the Mantey Hills partnership or resolve the related legal question of whether plaintiff's interest is in the partnership or property, the precise nature and amount of assets awarded to the parties remains unclear. Without the trial court's complete and final findings, we are unable to determine whether the denial of spousal support was inequitable.[5]

Plaintiff also asserts that the trial court ignored this Court's directive to make findings of fact and a determination on the merits of the arrearage issue. We previously directed as follows:

Debra Mantey argues that the trial court erred when it failed to address whether Donald Mantey was in arrears on his spousal support. The record supports Debra Mantey's assertions that (1) Donald Mantey was withholding $918 from spousal support for health insurance costs and (2) the trial court already considered this amount may [sic] when it awarded temporary spousal support. The record also supports Donald Mantey's assertion that the trial court's order may have required him to pay for Debra Mantey's health insurance twice. On remand, the trial court shall making [sic] findings of fact and a determination on the merits of this issue. [*Mantey*, unpub op at 7.]

---

[5] Defendant claims that in the prior appeal, this Court mistakenly interpreted the trial court to have ruled that all property was marital property. However, defendant fails to engage in any analysis regarding law of the case. "Insufficiently briefed issues are deemed abandoned on appeal." *Greater Bethesda Healing Springs Ministry v Evangel Builders & Constr Managers, LLC*, 282 Mich App 410, 413; 766 NW2d 874 (2009). Further, on remand, the trial court never specifically found that, contrary to this Court's statements, Mantey Hills was separate property.

Because the trial court did not even address this issue, we agree with plaintiff that the court again inexplicably failed to follow the remand order. Thus, we again remand for the trial court to address this issue.[6]

To be clear, the trial court must resolve the spousal support arrearage issue. It also must "make a finding of fact on the value of the Mantey Hills partnership, and resolve the related legal questions about whether Debra Mantey's interest is in the Mantey Hills partnership itself or the partnership's property[,]" *Mantey*, unpub at 6, and consider what effect this may have on equitable considerations.

## III. REMAND TO DIFFERENT JUDGE

Plaintiff also requests that we remand this case to a different trial court judge. "We may remand to a different judge if the original judge would have difficulty in putting aside previously expressed views or findings, if reassignment is advisable to preserve the appearance of justice, and if reassignment will not entail excessive waste or duplication." *Bayati v Bayati*, 264 Mich App 595, 602-603; 691 NW2d 812 (2004).

However, "[w]e have carefully reviewed the record and have found no evidence that the trial court harbors a bias against [plaintiff] or that it would be unable to put aside previously expressed views or findings." *Kaeb v Kaeb*, __Mich App__; __NW2d__ (Docket No. 319574, issued March 12, 2015); slip op at 9. Plaintiff highlights the trial court's statement on remand that the parties were to submit further briefing and the court would "doctor up" the rest. While perhaps a poor choice of words, we detect no bias in this statement. The trial court was merely communicating that it would make findings regarding any issues left unanswered. Nor is the fact that the trial court may have incorrectly interpreted or understood our remand order a sufficient basis for remanding to a different judge in this case. The fact that a judge came to a wrong legal conclusion is not a sufficient basis to assign the case to a different judge. *Bayati*, 264 Mich App at 603. Further, at this point in the proceedings, remanding to a different judge would require a significant expenditure of resources and entail excessive waste. *Id.* at 602-604.[7]

## IV. CONCLUSION

We again reverse the trial court's judgment. On remand, the trial court must: (1) determine if there is and the amount of a spousal support arrearage; and (2) make a finding regarding the value of the Mantey Hills *partnership*, and resolve the related legal questions about whether Debra Mantey's interest is in the Mantey Hills partnership itself or the partnership's

---

[6] Defendant claims that because the trial court referenced that this issue was "preserved" in the amended judgment of divorce, it somehow is not properly before us. However, we clearly instructed the trial court to decide this issue, not cast it aside.

[7] Nor do we find it necessary under MCR 7.216 to invade the trial court's role and make findings of fact.

property. After determining these issues, the trial court may reexamine equitable considerations to determine whether a spousal support award is justified.

We have reviewed all further issues and find them to be without merit. We reverse and remand. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Michael J. Riordan