# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

ANDREW WILLIAMS,

        Defendant-Appellee.

UNPUBLISHED
May 24, 2016

No. 326401
Wayne Circuit Court
LC No. 14-003288-FC

Before: OWENS, P.J., and BORRELLO and STEPHENS, JJ.

PER CURIAM.

The prosecution appeals by right the trial court's orders suppressing evidence of a gun seized by police officers and dismissing charges against defendant of two counts of assault with a dangerous weapon, MCL 750.82, two counts of assaulting, resisting or obstructing a police officer, MCL 750.81d(1), and one count of possession of a firearm during the commission of a felony (felony firearm), MCL 750.227b. We reverse both orders and remand for proceedings consistent with this opinion.

Defendant moved to quash the Information and the charges against him. At hearings on the motion, Officer Kenneth Johnson testified that he and his partner responded to a report that a man was standing in the doorway of a home armed with an assault weapon. The officers approached the home on foot from about three houses away. When Officer Johnson was standing in the neighbor's yard, he saw defendant in the living room of the house. Officer Johnson testified that the front door of defendant's home was wide open, there was no screen door, and the home was laid out so that when you entered the door you were in the living room. Officer Johnson observed defendant bobbing his head to music that was playing loudly, while holding something in his right hand. Then defendant noticed the officers and raised his right hand, which was holding a revolver, to eye level and pointed it at the officers. The officers ran to the side of the house, and Officer Johnson yelled for defendant to drop the gun and pointed his own weapon at defendant. Defendant complied with orders, and the officers were able to handcuff him and recover defendant's weapon, which was taken into evidence. Officer Johnson acknowledged that the officers did not have a warrant to enter the home, and he could not identify defendant's residence from a photograph presented at the hearing. Defendant's wife identified photographs of the residence she shared with defendant and testified that the house had a screen door, that a wooden door led into a little foyer, and that the living room was to the left of the door.

-1-

After hearing this evidence, the trial judge announced that he would visit defendant's home himself to determine if the events could have occurred as Officer Johnson testified. Subsequently, the prosecution filed a motion for disqualification of the trial judge. In the motion, the prosecution alleged that the trial judge had ordered the assistant prosecutor and defense counsel to appear at defendant's address on a certain date and time. On that date, the two attorneys, the judge, and three police officers appeared. The judge entered defendant's home while defendant and defendant's wife were inside, without the presence of either attorney or any of the officers, and remained there for approximately one to two minutes. The prosecution alleged in its motion that the judge's conduct created the appearance of impropriety and that the judge should recuse himself from the case. The trial court denied the motion.

At a further hearing regarding defendant's motion to quash the evidence, defendant argued that the officers created exigent circumstances by approaching his house with their guns drawn, that the living room of defendant's home could not be seen from the front door as the officers claimed, and that their warrantless entry into defendant's home was illegal. The judge found that Officer Johnson's testimony was "not believable" and his claims were "physically impossible." The Court granted the motion to suppress the evidence and dismissed the charges.

On appeal, plaintiff first argues that the trial court's dismissal of the charges against defendant violated the separation of powers doctrine. We agree and, since defendant concedes this point, further review is unnecessary. Const 1963, art 3, § 2; *People v Morrow*, 214 Mich App 158, 161, 165; 542 NW2d 324 (1995).

Next plaintiff argues that the trial court relied upon clearly erroneous findings of fact to discredit the officer's testimony. In reviewing a trial court's decision on a motion to suppress evidence, this Court reviews the court's factual findings for clear error and the court's conclusions of law de novo. *People v Snider*, 239 Mich App 393, 406; 608 NW2d 502 (2000), citing MCR 2.613(C).

Plaintiff asserts that the trial judge based his decision on two erroneous factual findings: the time the sun set on the day at issue and that the police officer's version of events was impossible. First, we find that it is undisputed that the trial judge erred when he found that sunset occurred on the day at issue at 7:17 p.m. and that the police officer's testimony that it was daylight at 7:00 p.m. was inaccurate. As conceded by defendant, pursuant to the US Naval Observatory, sunset in Detroit on the day at issue occurred at 7:55 p.m. Therefore, the trial judge relied upon an incorrect fact in determining that the officer's testimony was inaccurate.

The trial judge also visited the scene and, based upon his observations there, determined that the events could not have occurred as Officer Johnson testified and found that the officer's testimony "just is not believable." However, the credibility of witnesses is the province of the jury and not of the trial judge. *People v Odom*, 276 Mich App 407, 419; 740 NW2d 557 (2007). Officer Johnson's testimony, even if it was inaccurate on certain details regarding defendant's residence, did establish that he observed defendant with a gun and that defendant pointed the gun at two police officers in full uniform. It is up to the jury to have determined if they believed this testimony or not.

Plaintiff also argues that the trial judge erred in granting the motion to suppress because the gun was properly seized under the exigent circumstances and plain view exceptions to the search warrant requirement. The exigent circumstances exception requires "probable cause that the premises to be searched contains evidence or suspects and that the circumstances constituted an emergency leaving no time for a warrant." *People v Davis*, 442 Mich 1, 24; 497 NW2d 910 (1993) (citations omitted). The plain view exception allows a police officer to seize items in plain view if the officer is lawfully in the position to have that view and the evidence is obviously incriminatory. *People v Champion,* 452 Mich 92, 101; 549 NW2d 849 (1996).

Testimony was presented that defendant had a gun that he pointed at both Officer Johnson and his partner. At the time, the officers were lawfully responding to a call that defendant was standing on his porch with a weapon. The officers ordered defendant to drop his weapon, and when he did, they had no time to obtain a warrant but had to act immediately to secure defendant and the gun. Likewise, after defendant was ordered onto the ground and handcuffed, the gun was in plain view and secured. Based upon these two exceptions to the warrant requirement, the gun should not have been suppressed.

Finally, plaintiff argues that a new judge should be assigned to try this case to preserve the appearance of justice.

> The general concern when deciding whether to remand to a different trial judge is whether the appearance of justice will be better served if another judge presides over the case. We may remand to a different judge if the original judge would have difficulty in putting aside previously expressed views or findings, if reassignment is advisable to preserve the appearance of justice, and if reassignment will not entail excessive waste or duplication. [*Bayati v Bayati*, 264 Mich App 595, 602-603; 691 NW2d 812 (2004) (citations omitted).]

Here, remand to a different judge should occur. Disqualification of a judge is warranted when, as here, "[t]he judge has personal knowledge of disputed evidentiary facts concerning the proceeding." MCR 2.003(C)(1)(c). As discussed above, the trial judge visited the scene and conducted his own investigation regarding whether the events as testified to by the officer were possible. The trial judge concluded that the officer's testimony was "fabricated" and dismissed the case based upon his personal knowledge. Based upon these facts, we find that "the original judge would have difficulty in putting aside previously expressed views or findings" and "reassignment is advisable to preserve the appearance of justice." *Bayati*, 264 Mich App at 602-603.

Reversed and remanded for proceedings consistent with this opinion before a different judge. We do not retain jurisdiction.

/s/ Donald S. Owens
/s/ Stephen L. Borrello
/s/ Cynthia Diane Stephens