*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TOOLES CONTRACTING GROUP, LLC,

      Plaintiff-Appellant,

v

WASHTENAW COUNTY ROAD
COMMISSION,

      Defendant-Appellee.

UNPUBLISHED
October 3, 2019

No. 345182
Washtenaw Circuit Court
LC No. 17-000765-CZ

Before: RIORDAN, P.J., and K. F. KELLY and CAMERON, JJ.

PER CURIAM.

In this suit brought pursuant to Michigan's Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, plaintiff, Tooles Contracting Group, LLC, claims to appeal by right the trial court's order denying its motion for an order compelling defendant, Washtenaw County Road Commission, to pay its attorney fees. On appeal, plaintiff argues that the trial court erred in several respects when it denied the motion for attorney fees as the prevailing party in a FOIA action. However, we conclude that we lack jurisdiction to address the merits of plaintiff's claim of appeal by right. Instead, given the procedural posture of this case, we treat the appeal as an application for leave to appeal and grant leave for the sole and limited purpose of vacating the order denying the motion for attorney fees. We remand this case for resolution of the parties' competing motions for summary disposition and any further relief that may be warranted.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff, a minority-owned construction business, submitted a bid to defendant to construct a new service center in January 2017. Although plaintiff submitted the lowest bid, the contract was awarded to another contractor. In March 2017, plaintiff's counsel filed a FOIA request with defendant. The request for documents was identified in nine different paragraphs. Defendant eventually acknowledged the request, noted that the cost to gather the material would exceed $50, and requested that plaintiff pay 50% of the cost before receipt. However, defendant did not provide materials in response to paragraph five because they allegedly did not exist and did not address the material request in paragraph six.

Ultimately, plaintiff filed a complaint alleging that defendant violated the requirements of FOIA and moved for summary disposition, alleging that defendant's violation of the statute was undisputed. Defendant also moved for summary disposition, alleging that the evidence demonstrated that it did not improperly withhold documents and that plaintiff did not comply with FOIA procedure regarding contesting payment of a fee. In the interim, plaintiff obtained documentation through a FOIA request directed to the Michigan Department of Transportation (MDOT), and claimed that the documents received from MDOT demonstrated that defendant failed to comply with FOIA. On the contrary, defendant asserted that it was not apparent from the initial FOIA request that plaintiff sought the documents delivered by MDOT, and MDOT had to seek clarification of the request before delivering the documents. Although the parties appeared for oral argument before the trial court, it did not render a decision but took the cross-motions for summary disposition under advisement.

Despite the fact that a ruling on the dispositive motions was not obtained, plaintiff moved for an award of its attorney fees. At a hearing on the attorney fee motion, plaintiff restated its claim that the undisputed evidence showed that defendant violated FOIA in several ways, which led to the present litigation. For that reason, it claimed that it was entitled to $97,726.78 in attorneys' fees. Initially, the trial court indicated that it would conduct an evidentiary hearing on the fees. However, the trial court recognized that it had never ruled on the cross-motions for summary disposition, but nevertheless denied the attorney fee motion and instructed the parties to file a claim of appeal with this Court. Even though the trial court *never* resolved the merits of the case, it characterized its order as a "final order" and closed the case.

## II. JURISDICTION

"[T]his Court's jurisdiction of an appeal as of right from a circuit court is limited to final judgments or final orders." *McCarthy & Assoc, Inc v Washburn*, 194 Mich App 676, 678; 488 NW2d 785 (1992). Pursuant to MCR 7.203(A)(1), this Court has jurisdiction over appeals of right "by an aggrieved party" from "a final judgment or final order" of the circuit court. A final judgment or order is defined, in relevant part, to be the "first order that disposes of all the claims and adjudicates the rights and liabilities of all the parties . . . ." MCR 7.202(6)(a)(*i*).

Both parties moved for summary disposition before the trial court. Additionally, both parties argued, in relevant part, that the facts were undisputed and that each was entitled to judgment as a matter of law. But, the trial court did not render *any* decision on the cross-motions, and instead, took the motions under advisement. Plaintiff did not wait for a disposition of the motions, but instead, moved for an award of attorney fees, contending that it succeeded in the litigation. Initially, the parties appeared for an evidentiary hearing to address attorney fees, but the trial court held that it would not render an award unless directed to do so by this Court. When the ruling was reduced to writing, the trial court declared that the order denying attorney fees was a final order that disposed of all the claims. However, this Court is not bound by the trial court's characterization of its order as a final order or judgment. See, e.g., *McCarthy & Assoc, Inc*, 194 Mich App at 679-680. Rather, this Court must independently determine whether it has jurisdiction, even if the parties themselves do not challenge jurisdiction. See *Clohset v No*

-2-

*Name Corp (On Remand)*, 302 Mich App 550, 560; 840 NW2d 375 (2013). And, on this record, the trial court did not enter a final judgment or order. See MCR 7.202(6)(a)(*i*).[1] Nevertheless, to the extent that we do not have jurisdiction to hear this appeal as of right, we shall treat it as on leave granted. See MCR 7.216(A)(7); *Waatti & Sons Electric Co v Dehko*, 230 Mich App 582, 585; 584 NW2d 372 (1998).

## III. ANALYSIS

This Court is an error correcting court, and we generally do not address unpreserved issues. *Burns v Detroit (On Remand)*, 253 Mich App 608, 615; 660 NW2d 85 (2002). Additionally, this Court will not consider hypothetical issues, reach the merits of issues that are not ripe for review, or issue advisory opinions. See *People v Hart*, 129 Mich App 669, 674; 341 NW2d 864 (1983); *Rozankovich v Kalamazoo Spring Corp (On Rehearing)*, 44 Mich App 426, 428; 205 NW2d 311 (1973). In light of these rules, we decline to consider the merits of the case. Although we treat this appeal as an application, we only grant it for the limited purpose of vacating the order appealed from and remanding to the trial court to address the merits of the dispositive motions and whether additional relief arises from the ruling.

## IV. REMAND BEFORE DIFFERENT JUDGE

Plaintiff also submits that, if this Court remands this case, it should remand it to a different judge because the trial judge's rulings and statements demonstrate that he would have difficulty putting aside his previously expressed views.

This Court has the inherent authority to remand a case to a different judge. See MCR 7.216(A)(7); *Sparks v Sparks*, 440 Mich 141, 163; 485 NW2d 893 (1992); see also *People v Evans*, 156 Mich App 68, 71-72; 401 NW2d 312 (1986). This Court may exercise its discretion to remand to a different judge if it concludes that "the original judge would have difficulty in putting aside previously expressed views or findings, if reassignment is advisable to preserve the appearance of justice, and if reassignment will not entail excessive waste or duplication." *Bayati v Bayati*, 264 Mich App 595, 603; 691 NW2d 812 (2004). More specifically, the requesting party must demonstrate that the judge "would be unable to rule fairly on remand given his [or her] past comments or expressed views." *Id.*

In this case, the trial court did express its view that plaintiff was not actually interested in obtaining information or resolving the dispute, but appeared to be "more interested in running up a bill." But it also indicated that it would abide by this Court's decision if this Court were to disagree with its ruling. The record also does not support the conclusion that the trial court held

---

[1] MCR 7.202(6)(a)(*iv*) also defines "final judgment or "final order" as "a postjudgment order awarding or denying attorney fees and costs under MCR 2.403, 2.405, 2.625 or other law or court rule," but the attorney fee denial in this case was not rendered postjudgment because a judgment on the merits never transpired.

a bias against plaintiff or its lawyers.[2] The trial court is familiar with the litigation and the acts of the parties' lawyers and is in a better position to address the parties' motions on remand. Moreover, remand to a different judge would entail some degree of waste and duplication of effort. See *id.* On this record, we decline to exercise our discretion to remand this case to a different judge. See *Sparks*, 440 Mich at 163.

Vacated and remanded for the trial court to resolve the competing motions for summary disposition and any other further proceedings that may be necessary. We do not retain jurisdiction. We further order that neither party may tax costs. See MCR 7.219(A).

/s/ Michael J. Riordan
/s/ Kirsten Frank Kelly
/s/ Thomas C. Cameron

---

[2] Rather, the record reflects frustration by the trial judge because plaintiff, the entity that bore the burden of proving that attorney fees were incurred and reasonable, *Reed v Reed*, 265 Mich App 131, 165-166; 693 NW2d 825 (2005), filed a request for attorney fees that completely redacted the description of the service rendered. Yet, plaintiff, as the fee applicant, had the burden of supporting its claim with evidentiary support. *Smith v Khouri*, 481 Mich 519, 532; 751 NW2d 472 (2008).