*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* BELANGER, Minors.

UNPUBLISHED
April 20, 2023

No. 361779
Benzie Circuit Court
Family Division
LC No. 20-003109-NA

Before: O'BRIEN, P.J., and MURRAY and LETICA, JJ.

MURRAY, J. (*concurring in part and dissenting in part*).

I concur in the majority's decision to reverse the trial court's decision to not admit the two video-recorded interviews, as MCL 712A.17b(5) requires admission of a properly authenticated recording that is not being used in the adjudicative phase. However, for the reasons briefly explained below, I dissent from the majority's decision to remand to a different judge.

A trial judge is presumed impartial, and the party who asserts otherwise has a heavy burden of overcoming that presumption. *Cain v Dep't of Corrections*, 451 Mich 470, 497; 548 NW2d 210 (1996). Remand to a different judge is appropriate where the original judge would have difficulty setting aside previously expressed views or findings, or if reassignment is advisable to preserve the appearance of justice and would not entail excessive waste or duplication. *People v Walker*, 504 Mich 267, 285-286; 934 NW2d 727 (2019) (quotation marks and citation omitted); *Bayati v Bayati*, 264 Mich App 595, 602-603; 691 NW2d 812 (2005).

The LGAL's brief on appeal sets forth 11 reasons why the trial court should not hear this matter on remand. However, each of those 11 reasons relates to decisions made by the court during the proceedings, and Michigan law is well-settled that judicial decisions cannot be a basis to ascribe judicial impartiality to a judge. "The mere fact that a judge ruled against a litigant, even if the rulings are later determined to be erroneous, is not sufficient to require disqualification or reassignment." *In re Contempt of Henry*, 282 Mich App 656, 680; 765 NW2d 44 (2009). "[J]udicial rulings, in and of themselves, almost never constitute a valid basis for a motion alleging bias, unless the judicial opinion displays a deep-seated favoritism or antagonism that would make fair judgment impossible and overcomes a heavy presumption of judicial impartiality." *Id.* (alteration in original; citation and quotation marks omitted).

In my view, the LGAL has set forth legally impermissible reasons to conclude that the trial court will have any difficulty handling this case in an unbiased and appropriate manner on remand. Though the decision to preclude admission of the video-recordings into evidence was an abuse of discretion, nothing in that ruling (or any other) reflects a particular disposition as to the ultimate outcome of the case. Nor do the other statements or rulings relied upon by the majority. In one instance cited by the majority, the court simply noted that it required "fresh evidence" because some of the issues were already fleshed out while addressing issues in a prior matter, while in the other ruling regarding the sexual abuse allegations, the court referenced the fact that neither the DHHS nor the prosecutor had pursued charges or criminal charges based upon the accusations, and that those two facts, coupled with a therapist's report, supported not pursuing the allegations any further.

Setting aside whether these decisions and statements were correct, they contain no evidence of bias or an inability to resolve the case impartially. I would not remand to a different judge.


/s/ Christopher M. Murray