*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CAMILLE SANCHEZ, formerly known as
CAMILLE HEALEY,

UNPUBLISHED
October 15, 2024
10:11 AM

Plaintiff-Appellant,

v

No. 370627
Wayne Circuit Court
LC No. 14-105043-DM

KENYON HEALEY,

Defendant-Appellee.

Before: GADOLA, C.J., and O'BRIEN and MALDONADO, JJ.

PER CURIAM.

Plaintiff filed objections to an ex parte order (EPO) entered on August 24, 2023, that suspended her parenting time, precluded all contact with the minor children, and granted defendant interim sole custody. Following an evidentiary hearing in October 2023 and continued in January and February 2024, the trial court continued suspension of parenting time and all contact with the children. We granted plaintiff's application for delayed leave to appeal.[1] We vacate the ex parte order and remand for additional proceedings before a different judge.

## I. FACTS AND PROCEEDINGS

The parties were divorced in 2014 and have two minor children, AH and MH. Prior to the events related to this appeal, they shared joint physical and legal custody. In August 2024, the children allegedly disclosed to defendant that plaintiff subjected them to physical and sexual abuse in plaintiff's home over a significant period of time. Defendant moved for an EPO to suspend all parenting time and contact between plaintiff and the children, including telephone contact. The

---

[1] *Sanchez v Healey*, unpublished order of the Court of Appeals, entered June 14, 2024 (Docket No. 370627).

trial court entered the order on August 24, 2023.[2]  The court conducted evidentiary hearings on plaintiff's objections to the order on October 19, 2023; October 31, 2023; January 5, 2024; and February 2, 2024.  Defendant called three witnesses: the Children's Protective Services (CPS) investigator who was assigned to investigate the children's allegations, the forensic interviewer who conducted the children's interviews at Washtenaw County Child Advocacy Center, and Dr. Priya Rao, the psychotherapist who began treating the children in December 2023.  Plaintiff intended to call witnesses and to cross-examine Dr. Rao, but the trial court ruled that this was not necessary because it heard sufficient evidence to decide plaintiff's objections to the EPO.  The court indicated that it was not going to conduct a full hearing on the children's best interests because it was not necessary for the hearing's limited purpose to decide plaintiff's objections to the EPO.  The court did eventually allow plaintiff to cross-examine Dr. Rao, but it ended this cross-examination prematurely because Dr. Rao had a scheduling conflict.  The court had already scheduled dates in June 2024 for a hearing on defendant's motion for modification of custody.  The court restored plaintiff's joint custody but continued the prohibition of contact and parenting time.

## II.  ANALYSIS

## A.  SUFFICIENCY OF EVIDENTIARY HEARING

Plaintiff argues that the trial court failed to fulfill its obligations imposed by the Child Custody Act (CCA), MCL 722.21 *et seq*., and failed to grant her sufficient procedural due process in the evidentiary hearing on her objections to the EPO.  We agree.

Three standards of review pertain to custody proceedings.  *Barretta v Zhitkov*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket Nos. 364921 and 365078); slip op at 5.  Questions of law, including questions of constitutional law and statutory interpretation, are reviewed de novo.  *Id*. at ___; slip op at 5.  The trial court's findings of fact are reviewed under the great-weight-of-the-evidence standard.  *Id*. at ___; slip op at 5.  "A finding of fact is against the great weight of the evidence if the evidence clearly preponderates in the opposite direction."  *Id*. at ___; slip op at 5, quoting *Merecki v Merecki*, 336 Mich App 639, 645; 971 NW2d 659 (2021).  The trial court's discretionary rulings, including custody decisions, are reviewed for abuse of discretion.  *Barretta*, ___ Mich App at ___; slip op at 5, citing *Merecki*, 336 Mich App at 645.  The trial court abuses its discretion "when the result is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias."  *Barretta*, ___ Mich App at ___; slip op at 5, quoting *Merecki*, 336 Mich App at 645.  This Court must affirm custody-related orders and judgments unless the trial court's findings of fact are contrary to the great weight of the evidence, it abused its discretion, or it made a clear legal error.  *Barretta*, ___

---

[2] This is plaintiff's third appeal related to the August 24, 2023 EPO.  In Docket No. 367830, this Court denied plaintiff's delayed application for leave to appeal the EPO.  *Sanchez v Healey*, unpublished order of the Court of Appeals, entered September 28, 2023 (Docket No. 367830).  In Docket No. 368761, this Court denied plaintiff's application for interlocutory leave to appeal the November 8, 2023 order that denied her motion to allow telephone contact.  *Sanchez v Healey*, unpublished order of the Court of Appeals, entered December 19, 2023 (Docket No. 368761).

Mich App at ___; slip op at 5. Orders concerning parenting time also must be affirmed absent findings against the great weight of the evidence, abuse of discretion, or clear legal error. *Id*. at ___; slip op at 5-6.

"The United States and Michigan Constitutions guarantee that no person may be deprived of life, liberty, or property without due process of law." *Souden v Souden*, 303 Mich App 406, 413; 844 NW2d 151 (2013); US Const, Am V; US Const, Am XIV; Const 1963, art 1, § 17. "Generally, due process requires notice" and "an opportunity to be heard before an impartial decision-maker." *Souden*, 303 Mich App at 413. Parents' rights to the care and custody of their children "may be withdrawn only when clear and convincing record evidence demonstrates that parenting time 'would endanger the child's physical, mental, or emotional health.' " *Barretta*, ___ Mich App at ___; slip op at 8, quoting MCL 722.27a(3). "Regardless of whether a court is establishing custody in an original matter or altering a prior custody order, the trial court must determine whether the change of custody is in the children's best interests and, to that end, must make specific findings of fact regarding each" best interest factor. *Johnson v Johnson*, 329 Mich App 110, 128-129; 940 NW2d 807 (2019). "An evidentiary hearing is mandated before custody can be modified, *even on a temporary basis*." *Id*. (quotation marks and citation omitted).

"The Child Custody Act (CCA), MCL 722.21 *et seq*., governs custody, parenting time, and child support issues for minor children in Michigan, and it is the exclusive means of pursuing child custody rights." *Barretta*, ___ Mich App at ___; slip op at 6 (quotation marks and citation omitted). MCL 722.27 provides, in pertinent part:

> (1) If a child custody dispute has been submitted to the circuit court as an original action under this act or has arisen incidentally from another action in the circuit court or an order or judgment of the circuit court, for the best interests of the child the court may do 1 or more of the following:
>
> * * *
>
> (c) Subject to subsection (3), modify or amend its previous judgments or orders for proper cause shown or because of change of circumstances. . . . The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child. . . .

A court may not enter an ex parte or interim order without first complying with MCL 722.27(1)(c) if such an order would alter the child's established custodial environment. *Daly v Ward*, 501 Mich 897, 898 (2017). In *Daly*, our Supreme Court denied the parent's application for leave to appeal this Court's judgment, but it used its order denying leave as an opportunity to "emphasize how critical it is that the trial courts fully comply with MCL 722.27(1)(c) before entering an order that alters a child's established custodial environment." *Id*. The Court admonished against the issuance of ex parte or interim orders that alter the child's established custodial environment without making the requisite findings under MCL 722.27(1)(c). *Id*. The Court stated:

An order altering a child's established custodial environment has serious consequences for all the parties involved, as it deprives both the child and one parent of precious time together and alters that parent's evidentiary burdens at any subsequent custody hearing. In many instances, it is difficult—if not altogether impossible—to effectively remedy on appeal, and to restore the status quo ante, following an erroneous order altering a child's established custodial environment without causing undue harm to the child. Thus, to restate, it is critical that trial courts, in the first instance, carefully and fully comply with the requirements of MCL 722.27(1)(c) before entering an order that alters a child's established custodial environment. Any error in this regard may have lasting consequences yet effectively be irreversible. [ *Id*. (citation omitted).]

In *O'Brien v D'Annunzio*, 507 Mich 976 (2021), our Supreme Court entered an order reversing a trial court's ex parte order that suspended the plaintiff's parenting time and precluded her from initiating contact with the children. The Court held that the order had the effect of changing the children's established custodial environment without conducting an evidentiary hearing as required under MCL 722.271(1)(c). *Id*. at 977. Justice CLEMENT[3] wrote in concurrence:

[I]t is important that lower courts follow the correct procedure when modifying a child's established custodial environment. As the statutory scheme reflects, doing so is serious business. This Court has explained that the statute exemplifies a preference for stability in children's lives: "In adopting MCL 722.27(1)(c), the Legislature intended to minimize the prospect of unwarranted and disruptive change of custody orders and to erect a barrier against removal of a child from an 'established custodial environment,' except in the most compelling cases." *Baker v Baker*, 411 Mich 567, 576-577[; 309 NW2d 532] (1981). Therefore, we have warned trial courts how important it is to follow the requirements of MCL 722.27(1)(c). [*O'Brien*, 507 Mich at 978 (CLEMENT, J., concurring) (alteration omitted).]

In the present case, in the Supreme Court's order denying plaintiff's application for leave to appeal this Court's December 19, 2023 order, two of the justices commented on the delays in trial court proceedings. Chief Justice CLEMENT wrote in a concurring opinion that "ex parte orders left in place too long will change a child's established custodial environment," resulting in a practice that "acts as an end run around the requirements that the Child Custody Act . . . imposes upon a court that intends to change" the children's established custodial environment. *Sanchez*, ___ Mich at ___; slip order at 1 (CLEMENT, C.J., concurring). The Chief Justice quoted her concurrence in *O'Brien*, 507 Mich 976, regarding the need to consistently comply with the requirements of MCL 722.27(1). *Id*. at ___; slip order at 2-3.

Here, plaintiff was granted an evidentiary hearing on the EPO, although it began more than 21 days after the order was issued, contrary to MCL 722.27a(14). On the last day, the trial court cut off plaintiff's cross-examination because it wanted to release Dr. Rao at 5:00 p.m. and because

---

[3] ELIZABETH CLEMENT was not yet Chief Justice at the time of that opinion.

-4-

it disapproved of plaintiff's questions regarding Dr. Rao's knowledge of studies on parental alienation. We infer from the trial court's discussion with the attorneys that the trial court believed that abbreviated procedures were appropriate for consideration of objections to an emergency EPO. The trial court regarded the best-interests analysis as a matter that could wait, rather than a matter that had to be considered pursuant to MCL 722.27(1)(c) and MCL 722.27a relative to a decision prohibiting all contact between plaintiff and the children. The court made no findings as to whether a less severe option, such as telephone contact or supervised visitation, would have been dangerous to the children. The court declared on the record that it had already heard all the evidence it needed to decide whether the prohibition of contact should continue. The court not only disallowed plaintiff's counsel's cross-examination questions regarding parental alienation, but did not allow counsel an opportunity to pursue a different line of questioning. The court did not allow plaintiff to call the successor CPS worker, although this worker might well have had knowledge of the children's status and of plaintiff's response to any services relevant to the case. Although the trial court fulfilled its obligation to conduct an evidentiary hearing, its curtailment of plaintiff's ability to present witnesses and to cross-examine witnesses, and its failure to make findings in support of its decision to continue suspension of parenting time, resulted in a cursory hearing that fell far short of satisfying the requirements under the CCA.

In addition to flouting the CCA, the trial judge flouted plaintiff's right to due process. "Parents have a significant interest in the companionship, care, custody, and management of their children, and the interest is an element of liberty protected by due process." *In re JK*, 468 Mich 202, 210; 661 NW2d 216 (2003). "At its core, due process requires the opportunity to be heard at a meaningful time and in a meaningful manner." *In re BGP*, 320 Mich 288, 343; 906 NW2d 288 (2017) (quotation marks, citation, and alteration omitted). In this case, plaintiff was denied her right to be heard in a meaningful manner when the trial court cut off her cross-examination of defendant's star witness, did not allow questions regarding parental alienation, and refused to let plaintiff present evidence. This disregard for plaintiff's constitutional rights serves as an independent basis for appellate relief.

For these reasons, we vacate the trial court's decision to grant the EPO.

## B. REMAND TO DIFFERENT JUDGE

Plaintiff argues that this case should be reassigned to a different judge on remand. We agree.

"The general concern when deciding whether to remand to a different trial judge is whether the appearance of justice will be better served if another judge presides over the case. We may remand to a different judge if the original judge would have difficulty in putting aside previously expressed views or findings, if reassignment is advisable to preserve the appearance of justice, and if reassignment will not entail excessive waste or duplication." *Bayati v Bayati*, 264 Mich App 595, 602-603; 691 NW2d 812 (2004) (citation omitted). "This Court will not, however, remand to a different judge merely because the judge came to the wrong legal conclusion. Repeated rulings against a party, no matter how erroneous, or vigorously or consistently expressed, are not disqualifying." *Kuebler v Kuebler*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 362488); slip op at 30 (quotation marks and citation omitted).

Regarding the first consideration, it is clear from the record that the judge had her mind made up long before the evidentiary hearing began. The best evidence of this is the fact that the judge admitted as much. The judge initially decided to excuse Dr. Rao so that she could make an appointment without allowing any cross-examination because "I have heard enough to make a decision on the emergency ex parte order." When plaintiff's counsel attempted to protest the court's decision to suspend plaintiff's parenting time without allowing plaintiff to cross-examine of Dr. Rao or call witnesses, the judge cut her off and said, "That's gong to be the evidentiary hearing." The judge eventually eased up and allowed cross-examination, but she cut it off after approximately 40 minutes so Dr. Rao could make her appointment, saying "I ended your cross examination because I've heard what I need to hear to make a ruling on the emergency motion on the ex parte order." In other words, the judge openly admitted that she would not allow a full cross-examination or presentation of evidence because there was nothing plaintiff could do to persuade her. Finally, the judge seemed completely closed off to even considering the possibility that the children might have been coached in order to alienate plaintiff's ability to parent. The record makes clear that if this judge were to continue presiding on remand, she would most likely go through the motions of a full hearing before once-again ruling in defendant's favor.

The second consideration is the appearance of justice. Allowing a judge who predetermined the outcome of a proceeding to continue presiding would be detrimental to the appearance of justice. Further, prioritizing Dr. Rao's schedule over plaintiff's constitutional rights was completely indefensible, and it would be detrimental to the appearance of justice to allow her to continue presiding over this case after approaching it with such backward priorities. Moreover, we are concerned by the indifference the judge demonstrated toward the amount of time that elapsed without plaintiff being allowed any contact, including supervised and telephone, with her children. The final consideration pertains to judicial economy. There is always a certain degree of waste and duplication when a new judge takes over a case. However, that problem is somewhat tempered in this case by the fact that the current judge did not allow plaintiff to present any evidence. Moreover, child custody cases are ever-evolving, and the emphasis on present circumstances reduces the importance of having been present for early proceedings.

In sum, we grant plaintiff's request to reassign this case to a different judge to preside over the proceedings on remand.

## III. CONCLUSION

The trial court's order granting defendant's ex parte motion is vacated. This case is remanded for additional proceedings consistent with this opinion. A different judge shall preside over this case on remand. Plaintiff, being the prevailing party, may tax costs. MCR 7.219(A). We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Colleen A. O'Brien
/s/ Allie Greenleaf Maldonado